# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYKARI BLACKMON, #Y22319, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01297-JPG |
| DR. P. MYERS, WEXFORD HEATH SOURCES, INC., and NURSE JANE DOE, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Tykari Blackmon, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was denied medical care for a painful facial tumor by Pinckneyville's medical staff. (Doc. 12, pp. 1-20). As a result, Plaintiff suffered from facial pain, migraines, and blurred vision. (*Id*.). He seeks money damages against Dr. Myers, Nurse Jane Doe, and Wexford Health Sources, Inc. ("Wexford"). (*Id*. at p. 17).

The First Amended Complaint (Doc. 12), which supersedes and replaces the original Complaint (Doc. 1), is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: In April 2018, Plaintiff submitted written requests for treatment of a painful tumor that formed on his face adjacent to his eye socket. (Doc. 20, pp. 5-13, 15). The tumor caused headaches and blurry vision. (*Id*.). When Plaintiff described his symptoms to Nurse Doe on April 11, 2018, she refused to treat the tumor or prescribe medication for his pain. (*Id*.). When Plaintiff complained of the same symptoms to Dr. Myers on April 21, 2018, the doctor sent him back to his cell without treatment or pain relievers. (*Id*.). Dr. Myers also denied Plaintiff's request for treatment and pain medication on April 21, 2018. (*Id*.).

On September 19, 2019, Nurse Bobby Blum[1] "lance[d]" the tumor and provided Plaintiff with pain medication. (Doc. 12, pp. 5-13, 16). When Plaintiff reported persistent pain and oozing "stuff" from his wound on October 3, 2019, the sick call nurse[2] took no action to address his complaints. (*Id*.). The sick call nurse also noted that Plaintiff was a "no show" at an appointment on October 5, 2019, despite Plaintiff's lack of knowledge about the appointment. (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Amended Complaint:

**Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his facial tumor at Pinckneyville beginning in April 2018.

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[1] Bobby Blum is not named as a defendant, and Plaintiff asserts no claims against this individual.
[2] Plaintiff does not identify the sick call nurse who denied him treatment on October 3 and October 5, 2019. It is unclear whether this person is "Nurse Jane Doe" or someone else.
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

Eighth Amendment claims arising from the denial of medical care consist of an objective and a subjective component. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). The objective component is satisfied, if the plaintiff shows that he suffered from a sufficiently serious medical condition. *Id*. The subjective standard is satisfied where the plaintiff demonstrates deliberate difference against each defendant. *Id*.

Prison physicians and nurses violate the Eighth Amendment when they intentionally disregard an objectively serious medical condition that poses an excessive risk to an inmate's health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This includes the decision to ignore medical conditions obviously in need of treatment. *See, e.g., Dixon v. County of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (allegations that doctor and nurse knew of prisoner's chest tumor but offered only non-prescription pain medication and discharged him from the prison's hospital stated a deliberate indifference claim against both). The decision to delay surgery may also amount to deliberate indifference, depending on the seriousness of the condition, ease of providing treatment, and pain resulting from the delay. *See, e.g., Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing severely painful but readily treatable condition suffices to state a claim of deliberate indifference"); *Burns v. Fenoglio*, 525 F. App'x 512 (7th Cir. 2013) (eight-month delay in performing surgery to remove painful hip tumor supported claim of deliberate indifference at summary judgment). Defendant Myers' and Doe's outright denial of treatment for Plaintiff's painful facial tumor supports a claim of deliberate indifference against both at screening.

Count 1 shall be dismissed against Wexford. This defendant is not mentioned anywhere in the statement of claim, and Plaintiff cannot pursue a claim against the medical provider based

solely on a theory of *respondeat superior* liability because it is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). This claim shall be dismissed without prejudice against Wexford.

### Identification of Nurse Jane Doe

Plaintiff shall be allowed to proceed with Count 1 against Nurse Jane Doe, after properly identifying her with particularity so that service of the Amended Complaint can be made on her. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. Dr. Myers will be responsible for responding to discovery aimed at identifying Nurse Jane Doe, who met with Plaintiff on April 11, 2018. Once her name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the caption and Amended Complaint.

### Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 12) survives screening. **COUNT 1** will receive further review against Defendants **DR. P. MYERS** and **NURSE JANE DOE** (once identified). However, **COUNT 1** is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.** because the Amended Complaint fails to state a claim for relief against this defendant. **Because Count 1 arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **DR. P. MYERS** and **NURSE JANE DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 12), and this

4

Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order</u>.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.