IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYKARI BLACKMON, #Y22319,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-01297-JPG |
| ) | |
| **DR. P. MYERS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**GILBERT, District Judge:**

This matter is before the Court on a Motion to Set Aside Default (Doc. 26) filed by Defendant Dr. P. Myers. The Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A on April 6, 2020. (Doc. 15). Pursuant to the Screening Order, Defendant was sent a request for Waiver of Service of Summons on April 6, 2020. (Doc. 16). The waiver was returned executed the following day. (Doc. 18). Defendant was required to answer or otherwise respond to the Amended Complaint on or before June 5, 2020. (*Id*.).

Defendant failed to move, answer, or otherwise plead in response to the Amended Complaint. As a result, the Court entered an Order to Show Cause on July 7, 2020, directing Plaintiff to demonstrate why Defendant should not be dismissed based on Plaintiff's failure to prosecute his claim against Dr. Myers. (Doc. 19). In response, Plaintiff filed a Motion for Default Judgment and Cause on July 10, 2020. (Doc. 20). The Clerk of Court entered default against Defendant in accordance with Federal Rule of Civil Procedure 55(a) on July 15, 2020. (Doc. 22).

On July 16, 2020, Defendant filed a Motion to Set Aside Default (Doc. 26). In the Motion, Defendant explained that, for reasons still under investigation, service materials were not properly processed and sent to counsel when Defendant returned the executed waiver. (Doc. 26, ¶¶ 6, 8).

1

However, Defendant diligently attempted to cure the default by timely filing the instant motion before default judgment was entered. (*Id*. at ¶ 9). Moreover, Dr. Myers allegedly has a meritorious defense to Plaintiff's claim—that he was not deliberately indifferent to Plaintiff's medical condition. (*Id*. at ¶ 10). He asks the Court to set aside the Clerk's Entry of Default and allow him seven (7) days to file a response to the Amended Complaint.

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). Defendant has satisfied the requirements for setting aside the default. His failure to file a responsive pleading appears to be inadvertent and is still under investigation. (Doc. 26). Defendant acted quickly to correct default by filing a "Motion to Set Aside Default" soon after learning of the default entered against him. (*Id*.). Defendant further asserts that he has a viable defense against Plaintiff's claim(s). (*Id*.). Under the circumstances, Defendant's Motion to Set Aside Default (Doc. 26) is **GRANTED**. The Entry of Default (Doc. 22) is **VACATED**. Defendant shall file a responsive pleading no later than **July 24, 2020**.

    **IT IS SO ORDERED.**

    **DATED:  7/17/2020**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT
                                              United States District Judge**